J. L. WILKERSON v. H. C. & M. A. HUDSON.

TAX-TITLE. *Unlawful detainer. Code* 1880, § 538. *Code* 1892, §§ 4, 4461 (*a*). *Repeal.*

Under § 4, code 1892, providing that any right accruing or accrued shall not be affected by the adoption of the code, the right to the action of unlawful detainer for land purchased at tax-sale in March, 1892, is controlled by § 538, code 1880, which gives the remedy after one year and within two years from the date of sale, and not by § 4461, code 1892, giving the remedy after two and within three years.

FROM the circuit court of Noxubee county.

HON. S. H. TERRAL, Judge.

This is an action of unlawful detainer, brought April 17, 1893, by appellant, J. L. Wilkerson, against appellees, H. C. & M. A. Hudson, to recover certain land purchased by appellant at a sale for taxes March, 1892. The action was brought after the expiration of one year and within two years from the date of the sale for taxes, in conformity to § 538, code 1880. The plaintiff had judgment in the justice court, and defendants appealed to the circuit court, and, on the trial there, obtained a peremptory instruction and judgment in their favor, on the ground that, while the right to redeem was fixed by the law in force at the time of the tax-sale, the *remedy* of unlawful detainer is regulated by § 4461 (*a*), code 1892, under which the action is authorized to be brought after two years and within three years from the date of the sale for taxes.

*A. C. Bogle*, for appellant.

The right of appellant is governed by § 538, code 1880, which was in force at the time he purchased. Immediately

upon his purchase, appellant acquired a right to the action of unlawful detainer to recover possession. This right, how-. ever, was held in abeyance pending the one year during which the owner could redeem. After that, the right to possession, together with the summary remedy therefor, was complete. The change made by § 4461 (a), code 1892, which gives the remedy after the expiration of two years, was necessitated by the extension of the time for redemption.

Section 4, code 1892, expressly preserves rights accruing or accrued. Appellant, by his purchase, acquired a right to a deed, and the further right to enforce possession after one year by this summary remedy, if the lands were not redeemed. This remedy, within a definite time, was as much a part of his right accrued as his right to a deed. The rights of a purchaser at tax-sale are determinable by the statutes then in force. Blackwell on Tax-title, 330; *Moody* v. *Hoskins*, 64 Miss., 468. Since the constitution of 1892, allowing two years for redemption, did not go into effect until April 1, 1892, appellants' rights are controlled by the code of 1880.

In the absence of an express provision, the courts will not give a code retrospective operation. *Boyd* v. *Barrenger*, 23 Miss., 269; *Garrett* v. *Beaumont*, 24 *Ib.*, 377; *Capital State Bank* v. *Lewis*, 64 *Ib.*, 727; Cooley on Const. Lim., 455.

The particular remedy, and the right to invoke it after one year, constituted part of appellant's contract with the state, and his right could not be impaired by future legislation. *Coffman* v. *Bank*, 40 Miss., 29; *Lessley* v. *Phipps*, 49 *Ib.*, 790; *Musgrove* v. *Railroad Co.*, 50 *Ib.*, 677.

*Rives, Rives & Stokes*, for appellees.

The question involved is not whether appellant obtained a good title, but whether the remedy of unlawful detainer could be maintained at the time it was here invoked. It is true the code of 1880 fixes the rights of the parties, but the *remedy* must be pursued under the code of 1892. Section 538, code 1880, was purely a remedial statute. The legisla-

ture could modify or abrogate the remedy entirely, leaving the right of the purchaser to be enforced by other remedies provided by law. Ejectment could be brought at any time after his right accrued, or unlawful detainer after the two years, as provided by § 4461, code 1892, which, with the rest of the code, became operative November 1, 1892. See *Rice* v. *Wright*, 46 Miss., 679; *Musgrove* v. *Railroad Co.*, 50 *Ib.*, 677; *Lessley* v. *Phipps*, 49 *Ib.*, 790; Cooley on Const. Lim., 438. The right to a particular remedy is not a vested right. Appellant still had an ample remedy to enforce his right, and cannot complain.

Argued orally by *A. C. Bogle*, for appellant, and *J. E. Rives*, for appellees.

CAMPBELL, C. J., delivered the opinion of the court.

The single question in this case is, whether the purchaser of land sold for taxes in March, 1892, was entitled to the action of unlawful detainer after one year, as provided by the code of 1880, in force when he purchased, or whether he had to wait two years, as provided by the code of 1892. It is not denied that the right to redeem the land sold in March, 1892, was governed by the code of 1880, which gave one year for redemption, and remained in force as to that, by virtue of § 274 of the constitution of 1890, notwithstanding that § 79 of that instrument secures the right of redemption "for a period of not less than two years;" but the claim is that, while the right is governed by the code of 1880, the remedy, as to time for its enforcement, is governed by the code of 1892, and by it the right to unlawful detainer is limited to the period between two years after the sale and three years. The only change made by the code of 1892 on this subject is as to the time in which the remedy may be availed of. It provides the same remedy and the same court as did the code of 1880; but, in view of the fact that as to all sales of land for taxes under the code of 1892 the time for re-

demption is two years, a change of time for the purchaser to employ the remedy was made. It is obvious that this provision is confined to cases of sales made under the code of 1892, and that it was not intended to enlarge the time given by the law under which they purchased to those who bought under the code of 1880. That code gave them one year in which to bring unlawful detainer, after one year from the sale; and, unless it be held that the code of 1892 enlarged the time in which they might have this remedy, it must follow that the code of 1892 applies alone to sales under it, and as to which its provisions as to time are appropriate. If this plaintiff had delayed to bring his action until two years after the sale at which he purchased, he would justly have encountered the objection that he had waited too long; that his rights were not in any respect governed by the code of 1892, which was made for, and is appropriate to, sales under it, where the time for redemption is two years. The question is, how to maintain the right of the plaintiff to sue after one year, in view of the fact that § 4461a of the code of 1892 has superseded and taken the place of § 538 of the code of 1880. The answer is, that as to sales which took place while the code of 1880 governed, that still governed as to every " right accruing or accrued," because of § 4 of the code of 1892, which so provides, and that the right of the purchaser of the land in March, 1892, for taxes to sue by unlawful detainer, after one year, was accruing *pari passu* with the flight of time, and was preserved by the code of 1892, there not being in it any provision inconsistent with the assertion of this right when accrued by the expiration of one year.

While the subject of the right of a purchaser at a sale for taxes to sue by unlawful detainer was revised, and the act in the code of 1880 was consolidated and re-enacted by the code of 1892, there is nothing at war with the right to sue in one year. The new provision was adapted to, and designed exclusively for, sales made under it, and did not refer to or have in view sales made under the former law; and, as the

same remedy is provided by the new as by the former law, and the only change as to sales under the new law and actions under it is as to the time when they may be brought, it may be affirmed that the accruing right of the purchaser to sue in one year, according to the former law, was not intended to be, and was not, affected by the code of 1892, and that § 4, already referred to, expressly preserves the accruing and subsequently accrued right of this plaintiff to sue by unlawful detainer after one year from the date of his purchase.

This view accords with the expressed purpose of the code of 1892, as of all former codes, to affect or disturb former transactions as little as possible. The various statutes of limitation are, by express provision, to apply to and govern rights of action accrued under them, except where a bar has accrued under the provisions of the code, and the purpose is shown to make the code prospective, except as to proceedings which relate to forms and remedies and not to time.

If § 4 of the code, contained in all our codes, was not designed to preserve just such a right as that here involved, we are not able to say to what it would apply. A right accruing is one not yet matured, but growing, increasing by reason of time or other circumstance possibly—as, the right to plead the bar of the statute or any other right in process of becoming a complete one—and the language of § 4 is appropriate and effective to preserve such a right unaffected by the new code, and to accrue as if it had not been adopted, but the proceedings, as far as applicable, where change has been made, are to conform to the new law. In this case, the growing right was preserved unaffected by the new code, and when it ripened into full maturity by the lapse of a year, the very same proceedings provided by the former law were found to be provided by the new, the only change being one not affecting the proceedings, but one adapted to the time when a claimant under a purchase under the new code should resort to this proceeding if desired. The "right accruing or accrued" mentioned in § 4 of the code, is not a

right of action as affected by the statutes of limitations, because an accruing right with reference to them would, when accrued, be subject to the statute in force when it became complete, and such is provided for in § 2759 of the code in express terms.   The right of this plaintiff to sue in the action preserved by the new code, according to his accruing right when it became operative, is the sort of right preserved by § 4.   Had the remedy by unlawful detainer, as before given, been destroyed by the code of 1892, a different question would have arisen; but, in the state of the statutes, it appears clear to us that the provisions and the spirit of the code are carried into effect by maintaining the right to this proceeding, so far as it is dependent on time, to purchasers at sales for taxes under the code of 1880.   Thus, right is conserved according to the spirit and language of both the constitution and code.

*The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.*